**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatriz Romina Lopez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-04257-PHX-DLR<br><br>**ORDER** |

Plaintiff Beatriz Lopez seeks judicial review of the Social Security Administration's decision to deny her application for disability insurance benefits and supplemental security income. Lopez applied for benefits in December 2013, alleging that she became unable to work as of June 5, 2013 because of the effects of various impairments, including degenerative disc disease, fibromyalgia, and headaches. Lopez argues that, in denying her application, the Administrative Law Judge ("ALJ") improperly weighed the medical opinions of one of her treating physicians, Dr. Hsu, and certified physician's assistant ("PA-C") Triplett. She also argues that the ALJ improperly discounted her own testimony concerning the severity of her pain and fatigue symptoms.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court reverses the agency's decision and remands for further proceedings.

1. The ALJ provided a specific and legitimate explanation, supported by substantial evidence, for assigning reduced weight to Dr. Hsu's various functional assessments. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (discussing standards for weighing competing medical opinions). The ALJ discounted Dr. Hsu's opinions because portions lacked enough explanation and were inconsistent with objective medical findings and his own treatment records. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). For example, Dr. Hsu wrote in 2013 that Lopez could not work because of pain and fatigue, noting that she came to his office after being admitted to the hospital for a headache. But the hospital records show that Lopez had negative CT and MRI findings, was observed to be "fairly healthy appearing" and did not appear to be in "any pain whatsoever." Moreover, despite the extreme limitations he assessed, Dr. Hsu treated Lopez mostly by refilling her medications. Likewise, despite opining in 2015 that Lopez could only occasionally manipulate with her right hand and could rarely manipulate with her left, the objective medical evidence includes negative hand x-rays and normal hand strength. The ALJ also noted that, even though Dr. Hsu had opined in 2014 that Lopez would miss work because of her headaches, Lopez reported to treating providers that her headaches were infrequent before 2016. Although some of the ALJ's stated reasons for discounting Dr. Hsu's assessments are less persuasive (for example, her characterization of the treatment relationship as "sporadic"), her overall explanation is sufficiently specific and legitimate, and adequately supported.

In arguing otherwise, Lopez primarily criticizes the ALJ for not citing to specific records when interpreting the medical evidence and evaluating Dr. Hsu's opinion. "An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation and citation omitted). The ALJ did so here. On pages 35-39 of the administrative record, the ALJ set out a detailed and thorough summary of the facts, clinical evidence, and Dr. Hsu's various assessments, and on pages 39-40 of the administrative record the ALJ explained her interpretation of that evidence as it related to Dr. Hsu's assessments and made ultimate findings concerning the consistency of Dr. Hsu's opinions with that evidence. Although the ALJ did not include specific pin cites to the medical records on pages 39-40, she did so in her discussion of the medical evidence on pages 35-39. Thus, even though the ALJ might have explained her "decision with less than ideal clarity," the Court must affirm because the ALJ's "path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotation and citation omitted).

2. The ALJ gave germane reasons, supported by substantial evidence, for assigning reduced weight to the opinion of PA-C Triplett. *See id.* at 1111 (explaining that ALJ must give a germane reason for discounting the opinion of an "other source"). Indeed, for largely the same reasons discussed above, the ALJ found that PA-C Triplett's opinion was inconsistent with the medical record and not supported by objective medical findings. Additionally, the ALJ noted that PA-C Triplett's opinion seemed internally inconsistent with respect to Lopez's hand limitations. For example, PA-C Triplett opined that Lopez could occasionally use her right hand for simple grasping, but could rarely use it for pushing, pulling, or fine manipulation. This assessment, by itself, would not be unusual—someone with hand limitations might be able to use her hands to do simpler tasks more frequently than more difficult or complex tasks. But in the same assessment, PA-C Triplett opined that Lopez could rarely use her left hand for simple grasping, which would indicate that her left hand is weaker or more painful than her right, given her right hand could occasionally be used for simple grasping. Yet, PA-C Triplett went on to opine that Lopez could frequently use her left hand to push and pull, and could occasionally use it for fine manipulation—meaning Lopez can more frequently use her left hand to finely manipulate, push, and pull, than to engage in simple grasping. That is, Lopez somehow can use her left

hand more frequently for harder and more complex tasks than for simple ones. The ALJ reasonably found that this unexplained discrepancy undermined the reliability of PA-C Triplett's assessment.

3. On balance, the ALJ did not clearly and convincingly explain her decision to discount Lopez's symptom testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). To be sure, the ALJ gave clear, convincing, and adequately supported reasons for not accepting *some* of these allegations. For example, the ALJ reasonably discounted Lopez's allegation that the side effects of her medications limited her ability to work because the medical records do not document such side effects. To the contrary, medical records show that Lopez reported to treatment providers that her medications improved her pain and helped her maintain her quality of life. The ALJ reasonably concluded that, if Lopez truly was experiencing significantly limiting side effects from her medications, she would have reported those side effects to a treatment provider. Notably, Lopez's briefs do not cite records showing that she reported medication side effects to her treating providers. The ALJ also reasonably discounted Lopez's allegations concerning the severity of her headaches. Lopez alleges disability beginning June 2013. Yet during an April 12, 2016 office visit at The CORE Institute, Lopez reported that before 2016 her headaches were infrequent, undermining her allegation that her headaches have prevented her from working.

With that said, the remainder of the ALJ's evauation of Lopez's symptom testimony is not sufficiently clear and convincing. For example, the ALJ relied on the psychological examiner's opinion that Lopez was likely exaggerating her reported symptoms, but the psychological examiner made this comment with respect to Lopez's depression- and anxiety-related symptoms, not with respect to Lopez's pain and fatigue symptoms. The ALJ also highlighted the fact that Lopez violated her narcotics agreement and had an inconsistent urine sample but does not explain how or why this fact undermines Lopez's testimony concerning the severity of her pain and fatigue. The ALJ further notes that Lopez once traveled out of state for a funeral and has traveled to Mexico at least once

for medication but does not explain why this minimal travel undermines the severity of Lopez's symptoms. Even those with severe pain and fatigue might muster the energy or tolerate the discomfort of travel to attend a loved one's funeral. Similarly, the ALJ found that Lopez's daily activities are inconsistent with her alleged symptoms, but only generalizes about these activities without detailing the manner and frequency with which Lopez engages in them and how they undermine allegations of disabling pain and fatigue.

Although the ALJ also found that Lopez's reported symptoms were not corroborated by the objective medical evidence, "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ gave adequate reasons for discounting Lopez's allegations concerning the side effects of her medications and the limiting effects of her headaches but did not adequately explain why she discounted Lopez's other allegations concerning the severity of her pain and fatigue. Without other clear, convincing, and adequately supported reasons, the ALJ cannot fall back on the lack of objective corroboration. For these reasons, the ALJ erred in discounting Lopez's symptom testimony without giving clear, convincing, and adequately supported reasons for a wholesale rejection.

4. Although the ALJ erred in discounting Lopez's symptom testimony, the Court finds that a remand for further proceedings, rather than an award of benefits, is appropriate because the record as a whole leaves doubt about whether Lopez truly is unable to work. *See Triechler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). As noted, the ALJ gave legally adequate reasons for assigning reduced weight to the most limiting medical opinions, and for discounting at least some of Lopez's symptom testimony. That the ALJ might not have explained her full evaluation of Lopez's symptoms with clarity does not mean that Lopez should immediately be awarded benefits. Instead, the Court will remand so that the ALJ can reassess Lopez's symptom testimony, determine whether any aspects should be credited and, if so, pose a modified hypothetical to the vocational expert that accounts for whatever portion or degree of Lopez's symptom testimony the ALJ

- 5 -

accepts.

**IT IS ORDERED** that the final decision of the Social Security Administration is **REVERSED** and this matter **REMANDED** for further proceedings. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 29th day of March, 2019.

Douglas L. Rayes
United States District Judge